IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

JAMES D. RUSSIAN,

    *Defendant.*

Case No. 14-10018-01-EFM

**MEMORANDUM AND ORDER**

A grand jury indicted Defendant James D. Russian on March 4, 2014, on the following four counts: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (4) possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The matter was called for jury trial on June 15, 2015. The jury returned a verdict of guilty on all four counts. Defendant has now filed a Motion for Judgment of Acquittal, or in the Alternative, Motion for a New Trial (Doc. 126).

**A.**    **Motion for Judgment of Acquittal**

Rule 29(c)(2) of the Federal Rules of Criminal Procedure states, in relevant part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."

When reviewing the sufficiency of evidence to sustain a guilty verdict, the Court "ask[s], whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "[1] Substantial evidence must support the conviction, but " 'it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt.' "[2] Furthermore, the Court cannot cast aspersions on the credibility of witnesses or weigh conflicting evidence, because "these matters are within the exclusive province of the jury."[3]

Defendant asserts that the evidence at trial was insufficient to support a guilty verdict. The Court disagrees. Viewing the evidence in the light most favorable to the Government, it is not even a close call as to whether a rational trier of fact could have convicted Defendant on the evidence presented. There was more than substantial evidence to support the convictions. Therefore, Defendant's Motion for Judgment is Acquittal is denied.

**B.     Motion for New Trial**

A court may "grant a new trial if the interest of justice so requires."[4] A motion for a new trial is viewed with disfavor, and courts only grant such motions with great caution.[5] The burden

---

[1] *United States v. Magallanez*, 408 F.3d 672, 681 (10th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[2] *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005) (quoting *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994)).

[3] *Magallanez*, 408 F.3d at 682 ("The jury apparently believed the witnesses, and that is the end of the matter.").

[4] Fed. R. Crim. P. 33(a).

[5] *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000).

is on the defendant to prove the necessity of a new trial.[6]  "[T]he relevant rule is that a new trial should be granted upon any error of sufficient magnitude to require reversal on appeal."[7]

Defendant makes two arguments as to why a new trial should be granted.  First, he contends, without any elaboration, that the Court erred "when it admitted the evidence of marijuana and weapons and cell phone data found in the vehicle and residence following pretrial motions which should have been sustained."[8]  The Court denied Defendant's motions to suppress and set forth its reasoning in a detailed Memorandum and Order filed April 23, 2015.  Defendant has not alleged any inconsistencies in the facts or any new facts that were not present before the Court at the suppression hearing.  He also has not set forth any change in the relevant case law.  Defendant has therefore failed to meet his burden to show that a new trial is warranted on this basis.

Defendant also argues that the Court erred when it "permitted the Rule 404(b) evidence of what transpired prior to the chase on the back roads of Crawford County from the night before through what happened just before law enforcement began to chase Mr. Russian in addition to the data (text and pictures) taken from his phone(s)."[9]  The Court admitted the "Rule 404(b) evidence" because it was intrinsic to the crimes charged.[10]  "Generally speaking, intrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual

---

[6] *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan 2000) (citations omitted).

[7] *Id*. (quotations omitted).

[8] Defendant's Motion, Doc. 126, p. 1.

[9] *Id*.

[10] *See United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (stating that Fed. R. Evid. 404(b) limits the admissibility of evidence related to other crimes or wrongs but it only applies to evidence of acts extrinsic to the crime).

or background information to the jury."[11] The testimony at trial regarding the events that led to the car chase and Defendant's arrest provided background information to the jury. Without it, the law enforcement officer's testimony as to why he pursued Defendant into Kansas, arrested him, and searched his car would have been confusing and incomplete. Furthermore, the probative value of "the Rule 404(b) evidence" was not substantially outweighed by unfair prejudice. Therefore, Defendant has failed to meet his burden to show that a new trial is warranted on this basis as well. Defendant's Motion for a New Trial is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment of Acquittal, or in the Alternative, Motion for New Trial (Doc. 126) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of July, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (citation and internal quotation omitted).