# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 14-10018-EFM

JAMES D. RUSSIAN,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on James D. Russian's Motion to Modify Term of Imprisonment (Doc. 219). Russian seeks a reduction in his term under 18 U.S.C. § 3582(c)(2). He asserts that under Amendment 782 to the U.S. Sentencing Guidelines ("Guidelines"), his base level offense should be reduced by two points and the recommended sentencing guideline range be adjusted accordingly. For the reasons explained below, Russian's motion is denied.

### I.    Factual and Procedural Background

On June 17, 2015, a jury convicted Russian of: (1) one count of being a felon knowingly in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) one count of being a felon knowingly in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); (3) knowingly possessing a firearm in furtherance of a drug trafficking crime, namely possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) knowingly

and intentionally possessing, with the intent to distribute, marijuana, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Russian to a total term of 137 months' imprisonment on Counts 1 through 4, followed by two years of supervised release.

Russian appealed this sentence, claiming that the Court committed various procedural errors in calculating it. Upon finding that such errors occurred, the Tenth Circuit remanded the case to this Court for resentencing.

The U.S. Probation Office prepared an Amended Presentence Investigation Report ("PSR") and filed it with this Court on June 19, 2017. The PSR utilized the 2014 Guidelines to calculate the offense level. Counts 1, 2, and 4 were grouped for guideline calculation purposes. Because the base level for Count 1 (the firearm violation) resulted in the highest total offense level, the base offense level of 14 (as it related to Count 1), was used to calculate Russian's sentence. Ultimately, the PSR calculated the total offense level as 16, a criminal history category of II, and a recommended sentencing guideline range of 24 months to 30 months. Additionally, the PSR noted that for Count 3 (possession of a firearm in furtherance of a drug trafficking crime), the statutory penalty is at least five years to be served consecutively to any other term of imprisonment imposed.

The Court resentenced Russian on July 7, 2017. For Counts 1, 2, and 4, the Court sentenced Russian to 40 months' imprisonment on each count to run concurrently to each other. For Count 3, the Court sentenced Russian to 60 months' imprisonment to run consecutively to Counts 1, 2, and 4. The Court also imposed a 30-day term of imprisonment for Russian's Contempt of Court on March 3, 2015, to run consecutive to all other counts. In total, therefore, the Court sentenced Russian to 101 months' imprisonment followed by two years of supervised

release. On September 23, 2019, Russian filed the instant motion arguing that his sentence should be reduced in accordance with Amendment 782.

## II. Analysis

Under the Sentencing Reform Act of 1984 (the "Act"), the Sentencing Commission must "review and revise the Guidelines from time to time."[1] "When the Commission amends the Guidelines in a way that reduces the Guidelines range for 'a particular offense or category of offenses,' the Commission must 'specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.'"[2] Accordingly, the Commission must "decide whether amendments to the Guidelines should have retroactive effect."[3] After the Commission has determined that an amendment should have retroactive effect, 18 U.S.C. § 3582(c)(2) authorizes district courts to "reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced."[4] It provides that the Court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[5]

---

[1] *Hughes v. United States*, --U.S.--, 138 S. Ct. 1765, 1772 (2018) (citing 28 U.S.C. § 994(o)).

[2] *Id*. at 1772-73 (quoting 28 U.S.C. § 994(o)).

[3] *Id*. at 1773.

[4] *Id*.

[5] 18 U.S.C. § 3582(c)(2).

The Supreme Court has held that § 3582 establishes a "two-step inquiry."[6] At step one, the Court must "follow the Commission's instructions in § 1B1.10 [of the Guidelines] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."[7] At step two, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[8]

Russian mistakenly relies on Amendment 782 to support his claim for relief. That amendment reduces the base offense levels assigned to drug quantities in § 2D1.1 of the Guidelines, effectively lowering the minimum sentences for drug offenses.[9] Amendment 782 became effective November 1, 2014, and applies retroactively.[10] In this case, the only count applicable to Amendment 782 is Count 4 (possession with the intent to distribute marijuana). But, the total offense level, as calculated in the PSR, was not based on that count. Count 4 was grouped with Counts 1 and 2 for Guideline calculation purposes. Because the offense related to Count 1 (possession of a firearm by a prohibited person) resulted in the highest total offense level, the PSR utilized the base offense level for that offense (14) to calculate Russian's sentence. Thus, Russian is not eligible for a sentence modification under Amendment 782.

In his reply brief, Russian argues that Counts 1 and 2 were dismissed, and thus, the PSR incorrectly grouped Counts 1, 2, and 4 to calculate his recommended sentencing guideline range.

---

[6] *Dillon v. United States*, 560 U.S. 817, 826 (2010).

[7] *Id.* at 827.

[8] *Id.*

[9] *United States v. Gutierrez*, 859 F.3d 1261, 1264 (10th Cir. 2017).

[10] *Id.*

This argument, however, confuses the Indictment and the Superseding Indictment. The Indictment charged two counts, which were dismissed. The Superseding Indictment charged the four counts upon which Russian was convicted. The Government never dismissed Counts 1 and 2 of the Superseding Indictment. Therefore, the PSR correctly calculated the recommended sentencing guideline range. Russian's motion to reduce his sentence is denied.

**IT IS THEREFORE ORDERED** that Russian's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), Doc. 219, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE