# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff/Respondent,*

vs.

JAMES D. RUSSIAN,

    *Defendant/Petitioner.*

Case No. 14-CR-10018
(§ 2255 Case No. 20-CV-01303)

## MEMORANDUM AND ORDER

Before the Court is Petitioner James D. Russian's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 225). He seeks relief on the basis that the warrant issued in his case was invalid, and that the Court lacked jurisdiction over his case. He also argues that the statute under which he was convicted is an unconstitutional restriction on the Second Amendment. For the reasons discussed below, the Court denies Russian's motion without holding an evidentiary hearing.

    **I.**    **Factual and Procedural Background**

In 2014, Russian was charged (1) as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) as a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); (3) with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) with possession with intent to distribute marijuana, in

violation of 21 U.S.C. § 841(a)(1). In 2015, a jury found Russian guilty on all counts. This Court issued its sentence in the matter on September 3, 2015, and Russian filed a Notice of Appeal the same day. While the case was on appeal, Russian filed his first Motion to Vacate Under 28 U.S.C. § 2255. This Court denied the motion without prejudice due to the pending appeal.

On February 21, 2017, the Tenth Circuit affirmed Russian's convictions, but remanded for resentencing. The Court issued its Amended Judgment on July 7, 2017. Russian again appealed his sentence. On May 31, 2018, the Tenth Circuit affirmed in part, and reversed and remanded in part. The Court issued its Second Amended Judgment on July 31, 2018. Russian again appealed his sentence arguing that he was denied the right to self-representation at the hearing. Concluding that Russian's right to self-representation was not violated, the Tenth Circuit affirmed the Court's judgment on February 3, 2020.

Russian now seeks relief from his sentence on the basis that a search warrant issued in his case was invalid and the Court lacks jurisdiction over him.

## II.     Legal Standard

Section 2255(a) of Title 28 of the U.S. Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioners seeking relief under § 2255 must allege facts that, if proven, would warrant relief from their conviction or sentence.[1] Upon receipt of a § 2255 motion, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2] An evidentiary hearing is therefore not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Finally, Petitioner appears pro se. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[4] A pro se litigant is entitled to a liberal construction of his pleadings.[5] It is not the proper role of a district court, however, to "assume the role of advocate for the pro se litigant."[6]

### III.   Analysis

Although Russian's over 100 page motion is difficult to decipher, it appears that Russian intended to raise two issues: (1) that the Court lacked jurisdiction over his case because the search warrant issued in his case did not pass constitutional muster; and (2) that the Second Amendment

---

[1] *See Hatch v. Okla.*, 58 F.3d 1447, 1469 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory").

[4] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[5] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.") (citations omitted).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

precludes any law abridging the right to possess firearms. The Court will address each argument in turn.[7]

### A. Russian's Claim That the Search Warrant in His Case Was Invalid Was Litigated on Direct Appeal

Russian primarily argues that the search warrant issued in his case was invalid, and that the Court therefore lacked personal jurisdiction over the case against him. This cannot serve as a basis for this Court to vacate Russian's conviction. "As a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal."[8] The validity of the warrant was raised and considered on direct appeal to the Tenth Circuit.[9] Now, Russian only presents arguments regarding the validity of the warrant that were, or could have been, raised on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."[10] Russian has not made such a showing here. The Court therefore has no basis to overturn Russian's conviction based on the search warrant issued in his case.

---

[7] Purportedly in support of his argument regarding jurisdiction, Russian also references the Uniform Commercial Code, caselaw regarding contracts and corporations, and the Privileges and Immunities Clause. He further argues that the Court lacks jurisdiction over him because he is not a U.S. citizen. These arguments are incomprehensible to this Court. "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *McGinnis v. State*, 407 F. App'x 303, 304 (10th Cir. 2011) (quoting *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)) (alteration omitted). The Court therefore will only address Russian's claim of lack of jurisdiction due to the defective search warrant.

[8] *United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019) (quoting *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016)) (alteration omitted).

[9] *United States v. Russian*, 848 F.3d 1239, 1244 (10th Cir. 2017).

[10] *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

**B.     Russian's Claim That 18 U.S.C. § 922(g)(1) Violates the Second Amendment Fails**

Next, Russian argues that his conviction for felon in possession of a firearm must be overturned as 18 U.S.C. § 922(g)(1) is an unconstitutional restriction on the Second Amendment. This argument also falls short. "Like most rights, the right secured by the Second Amendment is not unlimited."[11]  As such, the Tenth Circuit has repeatedly rejected arguments that prohibitions on the possession of firearms by felons are facially unconstitutional.[12]  Russian's claim that 18 U.S.C. § 922(g)(1) is unconstitutional therefore does not provide a basis for this Court to vacate his sentence.

Because the motion and records of the case conclusively show that Russian is not entitled to relief, an evidentiary hearing on Russian's motion is not necessary.[13]

## IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[14]  A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[15]  For the reasons

---

[11] *Dist. of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

[12] *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Gieswein*, 346 F. App'x 293, 295 (10th Cir. 2009).

[13] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (citing 28 U.S.C. § 2255).

[14] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1)(B).

[15] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 225) is **DENIED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 7th day of May, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE